Floyd W. Bybee, SB 012651
**BYBEE LAW CENTER, PLC**
90 S. Kyrene Rd., Ste. 5
Chandler, AZ 85226-4687
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Robert J. Baron;<br><br>    Plaintiff,<br><br>v.<br><br>Mark A. Kirkorsky, P.C.;<br><br>    Defendant. | No.<br><br><br>**COMPLAINT**<br><br><br>(Jury Trial Demanded) |

**Preliminary Statement**

1. Defendant requested and obtained Plaintiff's consumer reports on four separate occasions without a permissible purpose in violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq*.

**Jurisdiction and Venue**

2. Jurisdiction over this action is premised upon 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

3. Venue is proper in this District under 28 U.S.C. § 1391(b), in that

Defendant's conduct complained of occurred within the District.

## Parties

4. Plaintiff Robert J. Baron is an individual residing in Maricopa County, Arizona.
5. Baron is a "consumer" as defined by 15 U.S.C. § 1681a(c).
6. Defendant Mark A. Kirkorsy, P.C. ("MAK" or "Defendant") is an Arizona professional limited liability company doing business in Arizona, with its principal place of business located at 1119 W. Southern Avenue, Mesa, Arizona 85210.
7. MAK is a debt collection law firm.
8. MAK is a "person" as defined by 15 U.S.C. § 1681a(b).

## Factual Allegations

9. On November 9, 2011, Baron filed a lawsuit in the North Mesa Justice Court against James E. Dillard ("Dillard") and the Arizona Medical Training Institute ("AMTI").
10. The case was subsequently transferred to Maricopa County Superior Court on June 12, 2012.
11. Baron filed an amended complaint on September 5, 2012.
12. In the amended complaint, Baron asserted claims for fraud, negligence and intentional infliction of emotional distress.
13. Without reaching the merits of Baron's claims, the superior court dismissed the case with prejudice on September 24, 2014.
14. On that same date, the superior court entered an order awarding Dillard and AMTI a judgment (hereinafter "Judgment") against Baron in the amount of $2,355.18 for their court costs.

15. Sometime thereafter, Dillard and AMTI assigned the Judgment to MAK for collection purposes.
16. Experian is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f).
17. Experian acts as a data repository, assembling and storing information on consumers for the purpose of furnishing consumer reports to third parties.
18. MAK is a subscriber and user of consumer reports issued by Experian.
19. On February 6, 2015, MAK requested and obtained a copy of Plaintiff's consumer report from Experian.
20. On August 25, 2015, MAK again requested and obtained a copy of Plaintiff's consumer report from Experian.
21. On October 28, 2015, MAK requested and obtained Plaintiff's consumer report for a third time from Experian.
22. On August 22, 2016, MAK again requested and obtained a fourth consumer report on Plaintiff from Experian.
23. Plaintiff first learned that MAK had obtained a copy of his Experian report on February 6, 2015 within two years of the filing of this case, when he reviewed his own copy of an Experian report.
24. The state court Judgment MAK was attempting to collect from Plaintiff did not stem from a "credit transaction," as required for a permissible purpose under the FCRA, 15 U.S.C. § 1681b(a)(3)(A).
25. The four Experian reports obtained by MAK were "consumer

1    reports" as that term is defined by 15 U.S.C. § 1681a(d).
2   26.   At the time these Experian reports were requested and obtained,
3         MAK had no permissible purpose under the FCRA.
4   27.   At the time MAK requested and obtained these four Experian
5         reports, it knew, or should have known, that it did not have a
6         permissible purpose to access Plaintiff's consumer report.
7   28.   The actions of MAK complained of herein caused harm and
8         damages to Plaintiff within the State of Arizona.
9   29.   MAK knew that obtaining these four consumer reports on Plaintiff
10        would cause Plaintiff emotional harm and damages.
11  30.   MAK accessed Plaintiff's consumer reports in order to gain an
12        advantage in its attempt to collect the Judgment from Plaintiff.

### Count I.   Violation of FCRA

*Negligently Obtaining Consumer Report Without Permissible Purpose*

15  31.   Plaintiff incorporates the preceding paragraphs.
16  32.   MAK acted negligently in requesting and obtaining Plaintiff's
17        consumer reports without a permissible purpose.
18  33.   MAK's conduct in requesting and obtaining Plaintiff's consumer
19        reports without a permissible purpose violated 15 U.S.C. §1681b(f).
20  34.   As a result of MAK's violations of the FCRA, Plaintiff has suffered
21        actual damages, including, but not limited to, invasion of privacy,
22        emotional distress, extreme frustration, hurt, anger, worry, anxiety,
23        loss of appetite, sleeplessness, upset stomach, loss of credit
24        opportunities, loss of educational opportunities, denial of credit,
25        and / or higher interest rates.

WHEREFORE, Plaintiff requests that this Court enter judgment in his favor and against defendant MAK as follows:

    a.    pursuant to 15 U.S.C. § 1681*o*(a)(1), award Plaintiff his actual damages suffered as a result of the impermissible access of his consumer reports;

    b.    pursuant to 15 U.S.C. § 1681*o*(a)(2), award costs of the action and reasonable attorney fees; and

    c.    grant such other and further relief as the court deems just and proper.

## Count II.   Violation of FCRA

*Willfully Obtaining Consumer Report Without  Permissible Purpose*

35. Plaintiff incorporates the preceding paragraphs.

36. MAK acted willfully in requesting and obtaining Plaintiff's consumer reports without a permissible purpose.

37. MAK's conduct in willfully obtaining Plaintiff's consumer reports without a permissible purpose violated 15 U.S.C. §1681b(f).

38. As a result of MAK's violation of the FCRA, Plaintiff has suffered actual damages, including, but not limited to, invasion of privacy, emotional distress, extreme frustration, hurt, anger, worry, anxiety, loss of appetite, sleeplessness, upset stomach, loss of credit opportunities, loss of educational opportunities, denial of credit, and / or higher interest rates.

39. WHEREFORE, Plaintiff requests that this Court enter judgment in his favor and against defendant MAK as follows:

    a.    pursuant to 15 U.S.C. § 1681n(a)(1)(A), award Plaintiff his

|   |   |   |
|---|---|---|
| 1 |  | actual damages, or in the alternative, statutory damages of |
| 2 |  | not less than $100 and not more than $1,000 for each |
| 3 |  | impermissible access of his credit report, whichever is |
| 4 |  | greater; |
| 5 | b. | pursuant to 15 U.S.C. § 1681n(a)(2), award such punitive |
| 6 |  | damages as the Court deems appropriate; |
| 7 | c. | pursuant to 15 U.S.C. § 1681n(a)(3), award costs of the action |
| 8 |  | and reasonable attorney fees; and |
| 9 | d. | grant such other and further relief as the court deems just |
| 10 |  | and proper. |

**Demand for Jury Trial**

Plaintiff hereby demands a jury trial on all issues so triable.

RESPECTFULLY SUBMITTED:  April 14, 2017  .

　　　　　　　　　　　　　　s/ Floyd W. Bybee
　　　　　　　　　　　　　Floyd W. Bybee, #012651
　　　　　　　　　　　　**BYBEE LAW CENTER, PLC**
　　　　　　　　　　　　90 S. Kyrene Rd., Ste. 5
　　　　　　　　　　　　Chandler, AZ 85226-4687
　　　　　　　　　　　　Office: (480) 756-8822
　　　　　　　　　　　　Fax: (480) 302-4186
　　　　　　　　　　　　floyd@bybeelaw.com

　　　　　　　　　　　　Attorney for Plaintiff