**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert J. Baron,<br><br>                Plaintiff,<br><br>v.<br><br>Mark A. Kirkorsky, P.C.,<br><br>                Defendant. | No. CV-17-01118-PHX-DGC<br><br>**ORDER** |

Plaintiff Robert Baron brought this action against Defendant Mark Kirkorsky, P.C., alleging violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*. Doc. 12. Defendant now moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Doc. 12. The motion is fully briefed, and the parties have not requested oral argument. Docs. 15, 18. For the reasons set forth below, the Court will deny Defendant's motion.

**I.  Background.**

In August 2011, Plaintiff enrolled in a medical technician training program at the Arizona Medical Training Institute ("ATMI"). Doc. 11 ¶ 1. Plaintiff executed a written enrollment agreement (the "Enrollment Agreement") in which he agreed to a deferred-tuition payment plan. *Id.* ¶¶ 2-3. A subsequent dispute caused Plaintiff to leave the program before graduation. *Id.* ¶ 5.

Plaintiff then filed a state-court action against ATMI and its owner, James Dillard ("Dillard"), alleging fraud, negligence, and intentional infliction of emotional distress. Doc. 1 ¶¶ 9-12. The Maricopa County Superior Court dismissed the action with prejudice due to Plaintiff's failure to comply with discovery rules. Doc. 1 ¶ 13; Doc. 11 ¶ 8. The court entered a judgment in favor of Dillard and ATMI for court costs (the "Judgment"). Doc. 1 ¶¶ 13-14; Doc. 18 at 4.

Defendant is the debt collection law firm to which ATMI and Dillard subsequently assigned their interest in the Judgment. Doc. 1 ¶ 15. In its effort to collect the Judgment, Defendant requested and obtained copies of Plaintiff's consumer report from Experian on four separate occasions over an 18-month period. *Id.* ¶¶ 18-24. Plaintiff commenced this action in April 2017, alleging Defendant willfully, or, in the alternative, negligently violated the FCRA by obtaining Plaintiff's consumer credit reports without a permissible purpose. *See id.*

## II. Discussion.

The FCRA requires that a person have a "permissible purpose" for obtaining or using a consumer report, commonly known as a "credit report." 15 U.S.C. § 1681b (2012); *TRW, Inc. v. Andrews*, 534 U.S. 19, 23 (2001). Section 1681b provides an exhaustive list of the permissible purposes. *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1545 (2016). The permissible purpose at issue here involves a recipient's intention "to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer." § 1681b(a)(3)(A). The parties dispute whether Defendant's conduct falls within the scope of this permissible purpose.

### A. Early Interpretations of § 1681b(a)(3)(A).

Defendant relies on *Pintos v. Pacific Creditors Association* (*Pintos II*), 565 F.3d 1106, 1110 (9th Cir. 2009), to argue that any judgment creditor has a permissible purpose

for requesting a credit report.[1]  Doc. 12 at 2-3.  In *Pintos II*, the Ninth Circuit considered whether § 1681b(a)(3)(A) permitted a collection agency to obtain a credit report in connection with a 2002 vehicle towing debt.  565 F.3d at 1110-11.  The Ninth Circuit identified two requirements for the permissible purpose in § 1681b(a)(3)(A): (1) a credit transaction involving the consumer; and (2) the collection of an account of the consumer.  *Id.* at 1112.  Because the plaintiff had not requested that her illegally parked vehicle be towed, she was not "involved" in the transaction and § 1681b(a)(3)(A) did not provide a permissible purpose.  *Id.* at 1112-13.

*Pintos II* distinguished its seemingly contradictory decision in *Hasbun v. County of Los Angeles*, 323 F.3d 801 (9th Cir. 2003), which held that § 1681b(a)(3)(A) extended to the collection of a child support judgments.  *See id* at 1113-14.  Court judgments, like towing debts, do not necessarily "involve" a consumer, but the Ninth Circuit explained that an exception applies for court judgments: "[i]f a debt has been judicially established, there is a 'credit transaction involving the consumer' no matter how it arose."  *Id.*  Defendant relies on this exception to contend that its assigned interest in the state-court judgment granted it a per se permissible purpose for obtaining Plaintiff's credit report.  Doc. 12 at 3-5.

Plaintiff counters that the Fair and Accurate Credit Transactions Act of 2003 ("FACTA"), which did not apply to the 2002 debt at issue in *Pintos II* and therefore was not considered when the Ninth Circuit distinguished *Hasbun*, defeats Defendant's argument.  Doc. 5 at 7-8.  Plaintiff asserts that FACTA's definition of "credit" now limits the scope of transactions for which third parties can seek credit reports and clarifies that a judgment debt is no longer a per se permissible purpose.  *Id.* at 8.

Ninth Circuit decisions like *Pintos II* and *Hasbun* may be reassessed in light statutory amendments.  *See United States v. McNeil*, 362 F.3d 570, 574 (9th Cir. 2004)

---

[1] On May 21, 2010, the Ninth Circuit amended *Pintos II* to include additional language in a footnote, but this amendment did not alter the analysis or holding of the 2009 opinion.  *See Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665 (9th Cir. 2010).

("[W]hen Congress amends statutes, our decisions that rely on the older versions of the statutes must be reevaluated in light of the amended statute."); *see also Zazueta-Carrillo v. Ashcroft*, 322 F.3d 1166, 1172 (9th Cir. 2003) ("[W]e are not bound by decisions of prior panels if subsequent legislation has undermined those decisions."). Therefore, the Court must assess the impact on these cases of FACTA's definition of "credit."

### B. Post-FACTA Interpretations of § 1681b(a)(3)(A).

FACTA defines credit as "the right granted by a creditor to a debtor to defer payment of a debt or to incur debt and defer its payment or to purchase property or services and defer payment therefor." § 1681a(r)(5). This definition did not take effect until March 2004 (*see* 16 C.F.R. § 602.1), and *Pintos II* therefore did not apply it to the 2002 towing debt it was considering. *See Rodriguez v. Experian Info. Sols., Inc.*, No. C15-01224RAJ, 2016 WL 3976564, at *3-4 (W.D. Wash. July 25, 2016) (finding *Pintos II* no longer controlling in light of FACTA's amendments to the FCRA).

What is more, the principal authority on which *Hasbun* relied – the Federal Trade Commission's Commentary ("FTC Commentary") on the FCRA – was rescinded in 2011. *See Statement of General Policy or Interpretation; Commentary on the Fair Credit Reporting Act*, 76 Fed. Reg. 44462-01 (July 26, 2011). The original FTC Commentary had suggested that a judgment creditor had a permissible purpose for obtaining a credit report, but the FTC's 2011 rescission expressly noted that FACTA effected "significant changes," and the Commentary was therefore "obsolete." 76 Fed. Reg. at 44462-01.

With the basis for *Pintos II* and *Hasbun* having been altered by FACTA and rescission of the FTC Commentary, the Court finds guidance in the Ninth Circuit's first *Pintos* decision – *Pintos v. Pacific Creditors Association* (*Pintos I*), 504 F.3d 792, 798 (9th Cir. 2007). Although *Pintos I* was superseded by *Pintos II*, the Ninth Circuit's reasoning in *Pintos I* is instructive. It explained that "[b]y defining credit as a 'right . . . to defer payment,' FACTA indicates that a § 1681b(a)(3)(A) 'credit transaction' is a transaction in which the consumer directly participates and voluntarily seeks credit." *Id.*

at 798-99. The Ninth Circuit held that the towing debt was not "a credit transaction" because the plaintiff "did not voluntarily seek credit" – she never asked to have her vehicle towed. *Id.* at 799. The court also suggested that *Hasbun*'s expansive view of § 1681b(a)(3)(A) should be "reevaluated" in light of FACTA's definition of credit. *Id.* After FACTA, "debt collection is not always a permissible purpose for obtaining credit reports." *Id.* at 800.

In light of this analysis in *Pintos I*, at least one district court has concluded that a judgment debt is a permissible purpose to request a credit report only insofar as the debt arose from a voluntary "credit transaction." *See Rodriguez*, 2016 WL 3976564, at *4. In *Rodriguez*, a collection agency requested a copy of the plaintiff's credit report to collect outstanding parking violations. *Id.* As here, the defendant relied on *Pintos II* and *Hasbun* to argue that its status as a judgment creditor authorized it to obtain the credit reports. *Id.* at *3. The district court disagreed, holding that, after FACTA, "a defendant's status as a judgment creditor does not automatically indicate that a debt collection agency has a permissible purpose for obtaining consumer credit reports." *Id.* at *5; *see also Miller v. Trans Union LLC*, No. 06 C 2883, 2007 WL 641559, at *6 (N.D. Ill. Feb. 28, 2007) (holding a judgment creditor's use of credit reports was impermissible considering FACTA's definition of credit); *cf. Pigg v. Fair Collections & Outsourcing, Inc.*, No. 1:16-CV-01902-JMS-DML, 2017 WL 3034266, at *4 (S.D. Ind. July 18, 2017) (holding a debt collection agency did not have a permissible purpose because, even where a debt exists, a "credit transaction is a necessary prerequisite" for § 1681b(a)(3)(A)).

The Court concludes that FACTA's definition of "credit" limits the scope of § 1681b(a)(3)(A). Debt collection is a permissible reason for obtaining a credit report only insofar as the debt arose from a transaction in which the debtor voluntarily and directly sought credit. This construction comports with *Pintos I*, FACTA, withdrawal of the FTC Commentary, several district court cases that have reached parallel conclusions, and the FCRA's goal of protecting consumer privacy. *See* § 1681(a)(4) ("There is a need

to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy.")

As a result, Defendant's status as a judgment creditor did not grant it a per se permissible purpose for obtaining Plaintiff's credit report. Much like the towing debt in *Pintos I*, the Judgement for court costs was not a voluntary transaction in which Plaintiff sought credit – Plaintiff did not request a judgment against himself in state court.

**C.     The Enrollment Agreement under § 1681b(a)(3)(A).**

Defendant also contends that dismissal is appropriate because the relationship between ATMI, Dillard, and Plaintiff arose from the Enrollment Agreement, which was a "credit transaction."[2] Doc. 12 at 3-4. Defendant, however, cites no authority for the proposition that the mere existence of the Enrollment Agreement grants a permissible purpose, irrespective of whether it gave rise to the Judgment. *See id.* at 4.

Section 1681b(a)(3)(A) requires a "direct link" between the consumer's voluntary search for credit and the creditor's request for credit reports. *Pintos I*, 504 F.3d at 799 (quoting *Stergiopoulos & Ivelisse Castro v. First Midwest Bancorp, Inc.*, 427 F.3d 1043, 1047 (7th Cir. 2005)). This requires more than merely showing that a consumer's actions arguably resulted in a creditor's claim. *See Mone v. Dranow*, 945 F.2d 306, 308 (9th Cir. 1991). Here, Defendant has failed to establish a "direct link" between the Enrollment Agreement and the Judgment. The Judgment was a sanction for court costs, not an amount due under the Enrollment Agreement.

---

[2] This argument relies heavily on a separate statement of material facts Defendant filed in support of its motion. *See* Doc. 11. But Local Rule 56.1(a), under which Defendant purported to file the statement, applies to motions for summary judgment, not motions to dismiss. The Court sees no need to convert Defendant's Rule 12(b)(6) motion to a motion for summary judgment. *See Keams v. Tempe Tech. Inst., Inc.*, 110 F.3d 44, 46 (9th Cir. 1997) (noting that motion to dismiss need not be converted into a motion for summary judgment when matters outside the pleading are introduced, provided legal conclusions do not depend on the extra-pleading materials).

**IT IS ORDERED** that Defendant motion to dismiss (Doc. 12) is **denied**.

Dated this 13th day of October, 2017.

_David G. Campbell_
David G. Campbell
United States District Judge